**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:10-CV-89-RLV-DCK**

| | | |
|---|---|---|
| **MARYAM RENEE AL-HAMMAMI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| **ENTERPRISE RECOVERY SYSTEMS, INC.,** | ) | |
| **AND DARIUS DAVIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ———————————————————— | ) | |

The Court, having considered the Consent Motion for Entry of Protective Order by the parties in the above captioned matter pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and acknowledging that the parties may seek information or documents through discovery which are or may be considered to be a trade secret or confidential by another party:

IT IS HEREBY ORDERED that the Plaintiff, the Defendants, and any person subject to this Order, shall adhere to the following terms:

I.  **SCOPE**

This Protective Order shall govern the disclosure, use, and maintenance of any record or information that is designated as Confidential Information and produced by the parties or their agents during the course of discovery, pretrial proceedings, or trial in this suit, including all designated deposition testimony, all testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, request for production of documents or other formal methods of discovery, and responses to oral questions at deposition. In addition, the parties contemplate that Confidential Information may be produced by a nonparty. This Protective Order

shall also govern any designated record or information produced in this action pursuant to required disclosures under any North Carolina rule of civil procedure, and any supplemental disclosures thereto. This Protective Order shall apply to the category of Confidential Information listed below in Section II.

## II.    DESIGNATION

In connection with discovery proceedings in this action, any party may designate any non-public document, material, or information as "CONFIDENTIAL."

For the purpose of this Protective Order, the term "Confidential Information" or "CONFIDENTIAL" shall mean non-public testimony, information, documents, materials, and data that a party believes in good faith to be a trade secret or other confidential research, development, or other proprietary business, financial, or technical information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

## III.    NOTICE AND MARKINGS

Any documents, material or information may be designated CONFIDENTIAL by stamping the legend CONFIDENTIAL on each page of the documents, material or information prior to production.

Any party may designate any portion or all of a deposition as Confidential Information either specifically in the record at the deposition or by letter between Counsel, clearly and plainly stating the confidential sections of the testimony detailed above, within thirty (30) days of receipt of the transcript by the designating party. The entire transcript shall be treated as CONFIDENTIAL during the thirty (30) day period following its receipt. Any deposition or portion thereof taken by the parties during which Confidential Information is being disclosed shall be taken as if *in camera* without any persons in attendance other that the persons listed in Section V below, except that the parties may,

by unanimous consent, agree that additional persons may attend. To the extent possible, those portions of the deposition transcript containing Confidential Information shall be produced in a separate transcript.

## IV.   INADVERTENT FAILURE TO DESIGNATE

Failure to designate or stamp information as CONFIDENTIAL at the time of the production shall not be a waiver of the protection for Confidential Information provided that counsel promptly notifies the receiving party upon realizing the failure. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice.

## V.   OBJECTION TO DESIGNATION

If a party receiving designated Confidential Information objects to such designation, it shall treat the information as it is designated until the parties resolve the issue by agreement or by order of the Court.  No party shall be obligated to challenge the propriety of any designation and failure to do so shall not preclude a subsequent challenge to the propriety of such designation. On any motion challenging the designation of any document or other record or information as CONFIDENTIAL, the burden of justifying the designation shall lie with the designating party. If a party seeks declassification or removal of particular items designated as CONFIDENTIAL from this Protective Order on the ground that such confidentiality is not necessary to protect the interests of the party furnishing the document, information or other thing, the following procedure shall be used:

1.    The party seeking such declassification or removal shall give counsel for the other party written notice thereof by hand, email, or facsimile, specifying the document, information or other thing as to which such removal is sought and the reasons for the

request; and

2. If, after conferring, the parties cannot reach agreement concerning the matter within ten (10) days after the delivery of the notice, then the party requesting the declassification or removal of particular items designated as CONFIDENTIAL from this Protective Order may file and serve a motion for a further Order of this Court directing that the document, information or other thing shall be declassified or removed.

## VI. USE OF CONFIDENTIAL INFORMATION

All Confidential Information as defined herein shall be used solely for the purpose of the Attorneys' representation of their clients in this civil litigation pending in the United States District Court for the Western District of North Carolina having civil docket number 5:10-CV-00089 (hereinafter "the Litigation"), and shall not be used or offered for use in connection with any other litigation or proceeding of any kind or for any business, commercial or other purpose.

Further, Confidential Information which has been designated CONFIDENTIAL may be disclosed only to:

1. The parties to the Litigation and authorized representatives of the same;

2. The attorneys of record in this litigation and their employees;

3. Any person who is retained by any party or attorney to assist in preparation of this matter for trial, but only after such person has been provided a copy of this Order and has acknowledged his/her willingness to abide by the Order by executing an "Acknowledgement" in the form attached hereto as Exhibit A, which shall have a copy of this Order attached to the Acknowledgment as Exhibit 1;

4. Outside experts and consultants, together with their clerical and support personnel,

4

who may have been retained by the party or its attorneys for this action and have been disclosed pursuant to Section VIII below, provided that each such outside expert and consultant has acknowledged his/her willingness to abide by the Order by executing an "Acknowledgement" in the form attached hereto as Exhibit A, which shall have a copy of this Order attached to the Acknowledgment as Exhibit 1;

5.    Any witness who may testify at a deposition or trial with respect to Confidential Information, but only after such person has been provided a copy of this Order and has acknowledged his/her willingness to abide by the Order by executing an "Acknowledgement" in the form attached hereto as Exhibit A, which shall have a copy of this Order attached to the Acknowledgment as Exhibit 1;

6.    The Court, Court personnel and any mediator having jurisdiction over this litigation;

7.    The author of the document and any person identified as a recipient of the document on its face; and

8.    The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition.

## VII.   **ACKNOWLEDGEMENT**

Any person who makes a disclosure of Confidential Information permitted under the foregoing Section VII shall first advise each person to whom such disclosure is made concerning the terms of this Order, and provide them with a copy of this Order and have them sign an "Acknowledgement" in the form attached hereto as Exhibit A. Each signed Acknowledgment shall be retained by the disclosing party's counsel who will produce it to all other parties' counsel either prior to the person being permitted to testify (at deposition or at trial) or at the conclusion of the case, whichever comes first.

## VIII.   IDENTIFICATION OF EXPERTS AND CONSULTANTS

If any party desires to give, show, make available or communicate documents or information designated as CONFIDENTIAL to any outside expert or consultant pursuant to Section VI(4) above, it must first identify in writing the expert or consultant to whom it intends to give or disclose such documents or information to the attorneys for the other parties, who shall have five (5) business days from receipt of such notice to object to disclosure to any of the experts and consultants so identified and setting for the reason for the objection. Such identification shall include, at least, the full name and professional address and/or affiliation of the proposed expert or consultant, and a current curriculum vitae identifying at least all other present and prior employments or consultancies of the expert or consultant. The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the party seeking to disclose the Confidential Information to the expert or consultant may move for an Order of Court allowing the disclosure. In the event objections are made and not resolved informally, disclosure of CONFIDENTIAL documents and information to the expert or consultant shall not be made except by Order of the Court. The party objecting to disclosure of Confidential Information to an expert or consultant to whom objection has been made may (but is not required to) move for relief from the Court. The party objecting to the disclosure shall bear the burden of proving that the disclosure is inappropriate.

## IX.   INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned or destroyed, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. The receiving party will immediately return the item or items

requested (including any copies thereof as well as any notes or other materials reflecting the content of any such item) and refrain from any use of such information. Provided, however, that the party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

## X.     RELATED DOCUMENTS

Documents and information designated as CONFIDENTIAL shall include: (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) designated deposition testimony; and (e) designated testimony taken at a hearing or other proceedings.

## XI.    CONFIDENTIAL INFORMATION SUBMITTED TO COURT

No information designated as CONFIDENTIAL shall be submitted to or filed with the Court in connection with any motion or at trial unless the party seeking to submit or file the information moves to seal the Court's record and proceedings and continue the protections of this order. Such information shall remain under seal until such time as the Court orders otherwise.

A party who intends to use any information which is designated as CONFIDENTIAL in connection with the trial of this action must identify the document in the joint final pretrial order, along with a separate list of the information which is protected as confidential which that party will seek to submit.

If a motion to seal the record and proceedings if filed, the party seeking to use the

information protected as confidential shall file all documents containing that information under seal and those documents shall remain under seal and the proceedings shall remain under seal until such time as the Court rules on the motion.

## XII.    CONFIDENTIALITY OF A PARTY'S OWN DOCUMENTS

No person may disclose, in public or private, any designated information or documents of another party except as provided for in this Protective Order, but nothing herein shall limit the right of the designating party to disclose to its officers, directors, employees, consultants or experts, or to any other person, any information or document designated by it as CONFIDENTIAL. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of it.

## XIII.    CONFIDENTIAL INFORMATION FROM A NON-PARTY

If any non-party is to produce any documents or information to parties in this action that the nonparty reasonably believes contains Confidential Information, the non-party shall have the same rights and responsibilities as the parties to designate documents and information as Confidential Information under this Protective Order.

## XIV.    OBLIGATIONS OF PARTIES

Each of the parties names above and their counsel of record undertakes to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to his litigation and, in course thereof, relying upon any Confidential Information.

## XV.    TERMINATION OF LITIGATION

Within thirty (30) days of the final conclusion or final settlement of this litigation and any

appeal thereof, all persons subject to the terms hereof shall (i) destroy or assemble and return to the producing party all Confidential Information, and (ii) shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of Confidential Information; except that Counsel may retain one archival copy of court filings and one copy of deposition and trial transcripts (including one copy of exhibits thereto) containing Confidential Information which materials will otherwise remain subject to this Protective Order.

The terms of this Protective Order shall survive and remain in full force and effect after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

## XVI.    **ADDITIONAL PROTECTION**

Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder, provided that the party first consults with the opposing party to attempt to reach agreement on the restrictions on use and disclosure that should apply to such documents, information, or material.

Signed: March 24, 2011

David C. Keesler
United States Magistrate Judge

WE CONSENT:

_/S/ Travis E. Collum_____
TRAVIS E. COLLUM
NC Bar #29158
Post Office Box 1739
Mooresville, North Carolina 28115
T: (704) 663-4187
travis@collumlaw.com
*Counsel for the Plaintiff*


_/S/ Margo M. King_____
GREGORY W. BROWN
NC Bar #26238 / VA Bar #36369
MARGO M. KING
NC Bar # 39817
BROWN LAW LLP
4130 Parklake Avenue, Suite 130
Raleigh, North Carolina 27607
T: 919.719.0854
F: 919.719.0858
gregory@brownlawllp.com
margo@brownlawllp.com
*Counsel for Defendants*

**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:10-CV-00089 – RLV-DCK

| | |
|---|---|
| MARYAM RENEE AL-HAMMAMI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ENTERPRISE RECOVERY SYSTEMS, | ) |
| INC., and DARIUS DAVIS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

I, _____, hereby acknowledge receipt of a copy of the Protective Order ("Order") in the above-captioned action. I am familiar with the provisions of the Order and agree to be bound by it. I agree not to copy or to use any Confidential Information for any other purpose other than in connection with the above captioned action, and agree not to reveal any or all such Confidential Information to any person not authorized by this Order.

I further acknowledge and understand that for any violation of the provisions of said Order I am subject to the penalties of the Court and any and all penalties imposed upon me by law. I hereby submit to the jurisdiction of the United States District Court, Western District of North Carolina for the purpose of enforcement of the Order and voluntarily waive any and all objections to jurisdiction and venue with regard to the same.

This the ____ day of _____, 20___.

_____

Print Name:_____

STATE OF _____

COUNTY OF _____

I, _____, a Notary Public of the County and State aforesaid, do hereby certify that _____ personally came before me this day and acknowledged that she, being authorized to do so, executed the foregoing instrument.

WITNESS my hand and notarial seal this the _____ day of _____, 20___.

_____
(Notary Public)

_____
(Handwritten or Typed Name)

My Commission Expires:_____